IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-20462
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAFAEL CAMBRAY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-904-2)
--------------------
February 6, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rafael Cambray ("Cambray") appeals the sentence following his guilty plea conviction of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred in assigning three points pursuant to U.S.S.G. § 3A1.2(b), "Official Victim." Additionally, Cambray argues, for the first time on appeal, that the provisions in 21 U.S.C. § 841(a) and (b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the district court's finding is plausible in light of the record read as a whole, the court did not clearly err in finding that Cambray's actions merited a three point enhancement pursuant to U.S.S.G. § 3A1.2(b), "Official Victim."  See United States v. Gillyard, 261 F.3d 506, 510 (5th Cir. 2001), cert. denied, 122 S. Ct. 841 (2002); United States v. Dadi, 235 F.3d 945, 951 (5th Cir. 2000).  Cambray acknowledges that his argument pursuant to Apprendi, Cambray acknowledges that it is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001), and that he merely seeks to preserve it for further review.

AFFIRMED.